```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
BIBI NAZEEMA HUSAIN,

                        Plaintiff,
                                                    MEMORANDUM & ORDER
      - against -
                                                    10-CV-1844 (KAM)(RML)
SMARTE CARTE INC.,

                        Defendant.
----------------------------------------X
```
**MATSUMOTO, UNITED STATES DISTRICT JUDGE:**

Plaintiff Bibi Nazeema Husain ("plaintiff") brings this *pro se* action against her former employer Smarte Carte Inc. ("defendant"), alleging harassment, discrimination, and retaliation all due to plaintiff's union activity. (ECF No. 1, Compl. at 1.) Defendant moves to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that plaintiff's claims are subject to the exclusive jurisdiction of the National Labor Relations Board (the "NLRB").[1] (*See generally* ECF No. 23, Def.'s Mem. of Law in Supp. of Its Mot. to Dismiss Pl.'s Compl.

---

[1] The court notes that the defendant has also moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See generally* ECF No. 23, Def. Mem. of Law in Support of Its Mot. to Dismiss Pl. Compl.) However, because the court concludes it does not have jurisdiction over plaintiff's claims, it does not address the merits of defendant's 12(b)(6) arguments. *See, e.g.*, *Melnitzky v. HSBC Bank USA*, 06-CV-13526, 2007 WL 1159639, at *5 (S.D.N.Y. Apr. 17, 2007) ("When presented with motions under both Federal Rule of Civil Procedure 12(b)(1) to dismiss for lack of subject matter jurisdiction and Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted, the Court must first analyze the Rule 12(b)(1) motion to determine whether the Court has the subject matter jurisdiction necessary to consider the merits of the action.")

("Def. Mem.").) Plaintiff did not oppose defendant's motion.[2] For the following reasons, defendant's motion to dismiss is granted.

## BACKGROUND[3]

According to plaintiff's complaint, plaintiff was hired by defendant on March 30, 2007. (Compl., "To Whom it May Concern" attachment ("Attachment") at 1.) Plaintiff alleges that between October 30 or 31, 2008 through her termination on April 15, 2010, she was subject to discrimination, harassment, and retaliation by defendant "due to [plaintiff's] signing for the union." (Compl. at 3 & Attachment at 1-6.) Specifically, plaintiff alleges that, as a result of her union activity, she

---

[2] Defendant timely served plaintiff with its motion papers, which included a copy of the Notice to *Pro Se* Litigant Who Opposes a Rule 12 Motion Supported by Matters Outside the Pleadings pursuant to Local Rule 12.1 on June 22, 2010. (*See* ECF No. 21, 1/28/11 Letter; ECF No. 24, Aff. of Marjorie Kaye, Jr. In Supp. of Def.'s Motion to Dismiss Pl.'s Compl. ("Kaye Aff."), Ex. G; ECF No. 27, Certificate of Service.) Due to the numerous and generous extensions of time granted to plaintiff by this court, plaintiff had more than seven months in which to serve her opposition to defendant's motion. (*See* 7/27/10 Order; 11/23/10 Order; 2/24/11 Order.) Despite these generous extensions of time and despite being explicitly warned by the court that failure to timely serve her opposition on defendant would result in the court considering defendant's motion unopposed, plaintiff failed to serve any opposition. (11/23/10 Order; ECF No. 21, 1/28/11 Letter.) Accordingly, the court considered defendant's motion to dismiss to be unopposed. (*See* 2/8/11 Order; 2/24/11 Order.) The court notes, however, that a plaintiff's failure to respond to a motion to dismiss does not automatically warrant dismissal of the complaint, *see, e.g.*, *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000), and will accordingly consider the merits of defendant's motion to dismiss.
[3] The following facts are taken from the plaintiff's complaint, attachments to plaintiff's complaint, as well as material outside the pleadings, namely, the filings appended to the defendant's motion to dismiss, including plaintiff's filings with the NLRB and Equal Employment Opportunity Commission ("EEOC") and the NRLB dismissal notice. (*See* Compl.; Kaye Aff., Exs. A-G.) The court has considered these documents in resolving defendant's 12(b)(1) motion. *See, e.g.*, *Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002) ("In resolving the question of jurisdiction, the district court can refer to evidence outside the pleadings . . . ." (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

2

(1) "became constant victim after being labeled of getting union on board;" (2) suffered "unfavorable treatment;" (3) was treated on unequal terms with respect to lunch break time; and (4) was asked to do things in violation of the Port Authority's Rules and Regulations. (Compl. at 4.)

On May 5, 2009, plaintiff filed a charge with the NLRB alleging violations of sections 8(a)(1), (a)(3) and (a)(4) of the National Labor Relations Act ("NLRA"), 28 U.S.C. §§ 151, *et seq*. (Kaye Aff., Ex. B, Pl.'s May 5, 2009 NLRB Charge Against Employer ("Pl. May 5, 2009 NLRB Charge").) The charge specifically alleged that "[o]n or about February 9, 2009, [defendant] issue a written warning to [plaintiff] because of her activities on behalf of Local 74, United Service Workers Union, IUJAT," and that "[o]n or about February 20, 2009, [defendant] suspended and issued a written warning to [plaintiff] because of her activities on behalf of the Union, and because she gave testimony at a hearing before the NLRB." (*Id.*) On June 12, 2009, the NLRB dismissed plaintiff's charge after concluding that further proceedings were not warranted. (Kaye Aff., Ex. C, NLRB Dismissal Notice dated June 12, 2009.)

On December 21, 2009, plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination, harassment, and retaliation "due to [plaintiff's] signing for the union." (Kaye Aff., Ex. D, Pl.'s

3

EEOC Charge, No. 520-2010-00683 ("Pl. EEOC Charge").) On February 16, 2010, the EEOC dismissed plaintiff's charge, finding that there was no evidence to "conclude that [plaintiff was] subjected to an adverse employment action motivated by discriminatory animus as defined by [EEOC] guidelines and federal law." (Kaye Aff., Ex. A, Compl., Dismissal and Notice of Rights dated February 16, 2010.)

Defendant terminated plaintiff's employment on April 15, 2010 (*see* Attachment at 6), and, on April 23, 2010, plaintiff commenced the instant action in the United States District Court for the Eastern District of New York, on a form complaint asserting claims of "harassment, discrimination, and being accused of getting [the] union on aboard [sic]." (Compl. at 1.)

Thereafter, on April 27, 2010, plaintiff filed a second charge with the NLRB, alleging that "[defendant] unlawfully terminated [plaintiff] because she had assisted the Union and engaged in other union and/or protected concerted activities," in violation of section 8(a)(3) of the NLRA. (Kaye Aff., Ex. E, Pl.'s April 27, 2010 NLRB Charge Against Employer ("Pl. April 27, 2010 NLRB Charge").) Defendant represents that this retaliation charge is currently pending before the NLRB. (Def. Mem. at 2.)

**DISCUSSION**

I. **Rule 12(b)(1) and *Pro Se* Submissions**

Federal Rule of Civil Procedure 12(b)(1) allows a district court to dismiss a case for lack of subject matter jurisdiction if the court "'lacks the statutory or constitutional power to adjudicate [the case].'" *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (quoting *Makarova*, 201 F.3d at 113). Indeed, it is well established that the plaintiff asserting subject matter jurisdiction has the burden of proving that jurisdiction exists by a preponderance of evidence when opposing a 12(b)(1) motion to dismiss. *Luckett*, 290 F.3d at 497 (citing *Makarova*, 201 F.3d at 113). In resolving a 12(b)(1) motion to dismiss, the court "must accept as true all material factual allegations in the [complaint]," but will not draw from the pleadings inferences favorable to the party asserting jurisdiction. *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). In deciding the question of subject matter jurisdiction, the district court is free to refer to evidence outside the pleadings. *Luckett*, 290 F.3d at 496-97 (citing *Makarova*, 201 F.3d at 113).

A court must liberally construe a *pro se* litigant's papers when considering a motion to dismiss under Rule 12(b)(1). *See, e.g.*, *Melnitzky*, 2007 WL 1159639, at *6; *Jones v. Nat'l*

*Commc'n and Surveillance Networks*, 409 F.Supp.2d 456, 465-66 (S.D.N.Y. 2006). As plaintiff is proceeding *pro se*, the court will construe plaintiff's submissions liberally "to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (internal citation and quotation marks omitted).

**II. Preemption of Claims Brought Under the NLRA**

The NLRB has exclusive jurisdiction over claims of unfair labor practices under sections 7 and 8 of the NLRA. *See San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 244-45 (1959); *Sullivan v. Am. Airlines Inc.*, 424 F.3d 267, 277 (2d Cir. 2005). Consequently, "[w]hen an activity is arguably subject to section 7 or section 8 of the [NLRA], the states as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board."[4] *Garmon*, 359 U.S. at 245.

Plaintiff's complaint, liberally construed, asserts claims arising exclusively under the NLRA. Although plaintiff does not cite a particular statute in her complaint, it appears that she is attempting to state a claim under section 8 of the

---

[4] Federal courts may retain jurisdiction, however, when an employee's NRLA claim is necessary to the resolution of a claim that is independently within the court's jurisdiction, such as a plaintiff's duty of fair representation claim against a union. *See, e.g.*, *Moore v. Roadway Express, Inc.*, No. 07-CV-977, 2008 WL 819049, at *8 (E.D.N.Y. Mar. 25, 2008) (citing *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 51 (1998)). This exception is not applicable here.

6

NLRA, which provides in relevant part that: "[i]t shall be an unfair labor practice for an employer -- (1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title . . .(3) by discrimination in regard to . . . any term or condition of employment to encourage or discourage membership in any labor organization . . . (4) to discharge or otherwise discriminate against an employee because he [or she] has filed charges or given testimony under this subchapter . . ." 29 U.S.C. §§ 158(a)(1), (a)(3), (a)(4).

Indeed, the Attachment to plaintiff's form complaint details instances of discrimination, harassment, and retaliation, all of which plaintiff attributes to her union activity.[5] (*See* Compl., Attachment at 6 ("All the above incidences are clear indication of discrimination, harassment and retaliation due to my signing for the union.").) Further, as noted, in both of plaintiff's charges filed with the NLRB, she specifically asserted claims pursuant to section 8(a)(1), (a)(3) and (a)(4) of the NLRA. (*See* Pl. May 5, 2009 NLRB Charge; Pl. April 27, 2010 NLRB Charge.) Moreover, although plaintiff filled out a form complaint, which lists causes of

---

[5]   In this regard, the court notes that the allegations of mistreatment due to union activity in pages 1-4 of plaintiff's Attachment to her Complaint are virtually identical to the allegations contained in her December 21, 2009 EEOC charge. (*Compare generally* Pl. EEOC Charge *with* Compl., Attachment at 1-4.)

7

action arising under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act of 1990, plaintiff did not check any of the corresponding boxes.[6] (*See* Compl. at 1.) Instead, below the list of available causes of action, plaintiff handwrote and starred "Harassment[], [d]iscrimination and being accused [of] getting union on aboard [sic]." (*Id.*)

Finally, the court has scoured plaintiff's filings before the NLRB, the EEOC, and before this court, but is unable to find any allegation even suggesting that plaintiff was harassed, discriminated, or retaliated against on the basis of her membership in any protected class (*e.g.* race, color, gender, religion, national origin, age, or disability), or any other indicia that this court has subject matter jurisdiction over plaintiff's claims. Thus, liberally construed, plaintiff's

---

[6] Specifically, the causes of action listed on the form complaint read as follows:

> 1. Title VII of the Civil Rights of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166)(race, color, gender, religion, national origin).
>
> 2. Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 92-592, the Civil Rights Act of 1991, Pub. L. No. 102-166).
>
> 3. Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117 (amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325 and the Civil Rights Act of 1991, Pub. L. No. 102-166).

(Compl. at 1.)

8

Complaint contains, at most, claims pursuant to section 8 of the NLRA. This court, however, lacks subject matter jurisdiction to entertain plaintiff's claims because the NRLB has exclusive jurisdiction over these claims. Accordingly, the complaint must be dismissed pursuant to Rule 12(b)(1). *See Leslie-Ann Benjamin v. HHC*, 07-CV-2487, 2009 WL 2959622, at *11 (E.D.N.Y. Sept. 11, 2009), *aff'd*, 394 Fed. App'x 829 (2d Cir. Oct. 4, 2010) (holding, *inter alia*, that "the court lacks subject matter to entertain plaintiff's NLRA claims, as the National Labor Relations Board has exclusive jurisdiction over such claims" (citing *Sullivan*, 424 F.3d at 277)); *Moore*, 2008 WL 819049, at *8 ("To the extent plaintiff alleges he was discharged by [his employer] in retaliation for the grievances and NLRB complaint that he filed, his claim falls squarely within the purview of section 8 of the NLRA and therefore, exclusive jurisdiction must rest with the NLRB . . . ."); *Commer v. Am. Fed'n of State, County and Mun. Emps.*, 272 F. Supp. 2d 332, 339 (S.D.N.Y. 2003) *aff'd*, 390 F.3d 203 (2d Cir. 2004) ("To the extent that [plaintiff] intends to make a claim under the NLRA . . . that claim is dismissed because the Court does not have jurisdiction over actions under § 8 of the NLRA. The NLRA preempts state and federal court jurisdiction of conduct which is arguably prohibited under either § 7 or § 8 of the NLRA.").

**III. Leave to Amend**

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). However, it is "well established that leave to amend a complaint need not be granted when amendment would be futile." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) ("[M]otions to amend should generally be denied in instances of futility.")

In the present case, amendment to plaintiff's complaint would be futile. As explained above, all of plaintiff's allegations of discrimination, harassment, and retaliation relate to her union action, and thus must be resolved by the NLRB. This court accordingly does not have jurisdiction over the claims asserted in plaintiff's complaint. Moreover, plaintiff has not alleged or suggested that she could allege any other facts that would establish that she suffered a wrong over which this court would have jurisdiction. *See, e.g.*, *Peterec-Tolino v. New York*, 364 Fed. App'x 708, 711 (2d Cir. Feb. 8, 2010) (affirming a district court's decision to dismiss a *pro se* complaint *sua sponte* without leave to amend where court found amendment would be futile because plaintiff could not sue in federal court for the federal claims he asserted in his

10

complaint, nor had plaintiff "alleged or suggested that he could allege any other facts that would establish that he suffered a wrong that could be remedied in federal district court"); *see also HHC*, 2009 WL 2959622, at *11 (denying leave to amend with respect to plaintiff's NLRA claims because the court lacked subject matter jurisdiction over such claims and any asserted amendments would be futile). Thus, plaintiff's complaint is hereby dismissed without leave to amend.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss pursuant to Rule 12(b)(1) is granted and plaintiff's complaint is dismissed with prejudice. The Clerk of Court is respectfully requested to enter judgment accordingly and to close this case.

By May 4, 2011, the defendant shall serve a copy of this Memorandum & Order with the plaintiff and file certificate of service on ECF.

**SO ORDERED.**

Dated: Brooklyn, New York
    May 2, 2011

/s/
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York